3 539
24ap487

CHAUNCEY W. GIBSON, RESPONDENT, *v.* MINNIE E. STETZER AND ANOTHER, APPELLANTS.

*Reference — Exceptions to finding — General conclusion — held to embrace what.*

An exception to a finding in the report of a referee, will not be sufficient to bring up the question of the admissibility, under the pleadings, of the evidence upon which such finding was based.

A general conclusion that the defendant is entitled to judgment for the possession of certain premises, will be held to embrace whatever finding of fact is essential to it; the latter being clearly supported by the evidence and being itself the necessary result of the specific facts already found.

APPEAL from a judgment entered on the report of a referee, in an action of ejectment, in which damages were allowed for the detention of the premises, which, it is claimed by appellant, were not properly allowed under the pleadings. At folio 19 of the case, the question was asked : " Do you know how that farm has rented for the past five years ? " The question was objected to " as incompetent and improper." The objection was overruled, and an exception taken. Another question of a similar character was asked, objected to " as incompetent and improper," and received.

*John Van Voorhis*, for the appellants.

*E. L. Stevens*, for the respondent.

DWIGHT, J. :

The action was ejectment, and the judgment was for the possession of the premises, with $200 damages for the detention thereof.

It is objected now, that there were no appropriate allegations in the complaint to entitle the plaintiff to the latter branch of the relief adjudged. It is true that there were no sufficient allegations in the complaint to entitle the plaintiff to give evidence of the value of the use and occupation of the premises; and had the evidence upon that question been objected to on that ground, the admission would have been error ; but such objection was not taken. The question put at folio 19 (to which we are referred) was objected to, only generally, as incompetent and improper, and was not

answered. Substantially the same question was answered at folio 21, but the objection was of the same general character, and did not point to the objection now made. At folio 64 (to which we are also referred) the question was taken without any objection, and at folio 71, the objection stated in the same general form was sustained, and the defendants excepted. In two or three instances, evidence, apparently offered with a view of showing special damage, as by removal of manure, and ploughing up of meadow land, was objected to as not admissible under the pleadings, but that objection was nowhere made to the evidence of value of the use and occupation of the premises.

An exception to a finding in the report of the referee, will not suffice to raise a question of this character. Such an objection must be made at the trial, either to the evidence as offered, or at the close of the plaintiff's case, or at the close of the evidence. After the evidence has been received without objection, and the question submitted without objection, it is too late to make the objection in exceptions filed to the report of the referee. There is nothing in the case to show that the referee's attention was ever called to the fact that there was not a sufficient allegation of the matter in question in the complaint. Had the specific objection been made in time, the plaintiff might have had leave to amend his complaint, by the insertion of appropriate allegations to cover the proof.

The second objection of the appellants is, that the referee does not find that the plaintiff is the owner of the premises, and entitled to the possession. It is true that this fact is not expressly found. The referee does find that the mortgage (under which the plaintiff claimed) was duly foreclosed, the premises duly sold, and that the plaintiff was the purchaser, and all the other facts necessary to the conclusion that the plaintiff was the owner and entitled to possession of the premises. He also finds, as conclusions of law, "that the plaintiff is entitled to judgment against the defendants for the possession of said premises."

It is the well settled rule, that such a general conclusion will be held to embrace whatever finding of fact is essential to it; the latter being clearly supported by the evidence in the case, and being itself the necessary result of the specific facts already found.*

* See Dewey v. Supervisors, 4 N. Y. S. C. R., 609, and the cases cited.

The only remaining objection is, that the affidavit of sale is not sufficient: 1st. Because it is sworn to before a notary public; 2d. Because it does not show a sale actually made, nor how much of the land was sold.

To the first branch of this objection, the act of 1863, in relation to notaries public, is a complete answer. *   In respect to the second branch of this objection, it must be said that the affidavit of sale is not as direct and explicit as it might have been, and yet there can be no question that, taken as a whole, it does contain a statement of all the facts required to be stated in such an affidavit, viz., of the fact of sale of the premises described in the notice (annexed); of the time and place at which the same took place; of the sum bid, and the name of the purchaser. †

None of the appellants' objections to the judgment being well founded, the judgment must be affirmed, with costs.

Present — Mullin, P. J., Smith and Dwight, JJ.

Judgment affirmed; plaintiff to have leave to amend his complaint by inserting a count for use and occupation.

---

* Laws of 1863, chap. 508.          † 2 R. S., 547, § 9.